IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| TERRY D. HOWE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:11-CV-00917-BCW |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court are Plaintiff Terry D. Howe's brief seeking judicial review of a final decision of Defendant Commissioner of Social Security (Doc. #4), Commissioner's brief in support of the Commissioner's decision (Doc. #7), and Howe's reply brief (Doc. #8). Following full briefing by the parties, the Court heard oral argument at a hearing on November 7, 2012. Howe and the Commissioner each appeared by counsel.

This matter involves the appeal of the Commissioner's final decision denying Howe's application for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* ("Act"). The Court may review the Commissioner's final decision pursuant to 42 U.S.C. §§ 1383(c)(3), 405(g). The Court must determine whether the Commissioner's finding that Howe was not disabled was "supported by substantial evidence on the record as a whole." Gragg v. Astrue, 615 F.3d 932, 938 (8th Cir. 2010) (citation omitted).

This determination requires review of the entire record, including both evidence in support of, and in opposition to, the Commissioner's decision. Fountain v. R.R. Ret. Bd., 88 F.3d 528, 530 (8th Cir. 1996). "The court's role is not to reweigh the evidence or try the issues de novo." Craig v. Chater, 943 F. Supp. 1184, 1188 (W.D. Mo. 1996) (citing McClees v.

- 1 -

Case 4:11-cv-00917-BCW   Document 12   Filed 01/11/13   Page 1 of 3

Shalala, 2 F.3d 301, 302 (8th Cir. 1994)). When supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. Richardson v. Perales, 402 U.S. 389, 401 (1971).

Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Gragg, 615 F.3d at 938; Wheeler v. Apfel, 224 F.3d 891, 894 (8th Cir. 2000) (citation omitted). The substantial evidence standard, however, presupposes a zone of choice within which the decision makers can go either way, without interference by the courts. Clarke v. Bowen, 843 F.2d 271, 272-73 (8th Cir. 1988). "An administration decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." Id. (citation omitted). Hence, "if it is possible to draw two inconsistent positions from the evidence and one of those positions represents the agency's findings, [the Court] must affirm the decision." Roe v. Chater, 92 F.3d 672, 672 (8th Cir. 1996) (citation omitted).

An individual claiming disability benefits has the burden of proving he or she is unable to return to the type of work in which he or she was formerly engaged due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. See 42 U.S.C. § 423(d)(1)(A). If the claimant succeeds, the burden of production shifts to the commissioner to establish the claimant can perform some other type of substantial gainful activity in the national economy. See Young v. Apfel, 221 F.3d 1065, 1069, n. 5 (8th Cir. 2000); see also, 68 Fed. Reg. 51,153-63 (August 26, 2003); 20 C.F.R. § 404.1560(c)(2).

- 2 -

Case 4:11-cv-00917-BCW   Document 12   Filed 01/11/13   Page 2 of 3

## CONCLUSION

The Court has reviewed the parties' briefs and the record. As a result of that review, the Court agrees with the arguments in the Commissioner's brief and finds the record as a whole reflects substantial evidence to support the Administrative Law Judge's decision. Accordingly, it is herby ORDERED, pursuant to Section 405(g), that the Commissioner of Social Security's determination is AFFIRMED.

IT IS SO ORDERED.


DATE: <u>January 11, 2013</u>

<u>/s/ Brian C. Wimes</u>
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT